United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20309
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD PROCTOR; ALFREDIA J. REED,

Defendants-Appellants.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
(4:01-CR-756-1)
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this joint appeal, Defendants-Appellants Donald Proctor and Alfredia J. Reed challenge their convictions and sentences for one count of conspiracy to defraud the United States, one count of health care fraud, and two counts of making false statements on income tax returns. In attacking their convictions, appellants argue that the district court reversibly erred when it refused to instruct the jury on the defense of good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's refusal to grant a requested jury instruction is reviewed for abuse of discretion. See United States v. McClatchy, 249 F.3d 348, 356 (5th Cir. 2001). Reversible error occurs only when the charge, "examined in the full context of trial including the final arguments of counsel has thwarted defendant's presentation of his good faith defense." United States v. Gunter, 876 F.2d 1113, 1119 (5th Cir. 1989) (internal quotation omitted). Our careful review of the record shows that the good-faith defense was vigorously pursued by appellants throughout the trial. Because "[t]aken together, the trial, charge, and closing argument laid [the defendants'] theory squarely before the jury," the district court did not abuse its discretion in refusing to give the requested instruction. See United States v. Gray, 751 F.2d 733, 735-36 (5th Cir. 1985).

In a supplemental brief, the appellants contend, for the first time on appeal, that under Blakely v. Washington, 124 S. Ct. 2531 (2004), the district court's application of various sentencing enhancements violated their Sixth Amendment rights because the enhancements were based on facts not found by a jury beyond a reasonable doubt. As the appellants acknowledge, however, this court, in United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), refused to extend Blakely to the federal Sentencing Guidelines. The appellants' argument is foreclosed by Pineiro.

2

Noting that the Supreme Court has granted certiorari to consider cases raising the application of <u>Blakely</u> to the Guidelines, the appellants request a stay of their appeal pending the Supreme Court's resolution of the issue. The defendants' request for a stay is denied. <u>See</u> <u>Wicker v. McCotter</u>, 798 F.2d 155, 157-58 (5th Cir. 1986) (despite grant of certiorari, this court continues to follow its own binding precedent).

AFFIRMED.